(No. 83-CC-0546– )

Joseph Marsala, Claimant, v. The State of Illinois, Respondent.

*Opinion filed January 13, 1986.*

Robert S. Kosin Ltd., for Claimant.

Neil F. Hartigan, Attorney General (James Tyson, Assistant Attorney General, of counsel), for Respondent.

Patchett, J.

This claim arises in tort. The occurrence complained of was the result of a bump on the east bound Touhy Avenue, where it intersects with Wolf Road in Cook County, Illinois.

The Claimant, Joseph Marsala, was driving a concrete truck which overturned as a result of hitting a bump at this intersection.

There was disputed evidence as to the size of the bump in question. There is no doubt that the Respondent had notice of the bump in question. The truck overturned as a result of a spring breaking. This caused the tires to jam in such a manner that the truck overturned.

Evidence indicated that the Claimant was driving approximately 25 miles per hour when the truck contacted the bump. We believe that the bump was the cause of the spring breaking; and therefore, the bump was the cause of the truck overturning. We see no evidence of contributory negligence on the part of the driver. Therefore, we find for the Claimant.

Claimant suffered injuries to his lower back and head. He was taken to Holy Family Hospital in Des Plaines, Illinois. Subsequently he was transferred to Hines Hospital in Maywood, Illinois and treated by Dr. Rachauskas. After being under his care for two months, he went to McNeal Hospital in Berwyn, Illinois for a nine-day stay. He incurred substantial medical bills. In addition, he testified that he has recurring back pains, and wears a back brace at all times other than in his sleep. He was advised by doctors to have the disc in his back removed through laminectomy. At the time of his accident, his average gross pay was $900.00 per week.

Considering the pain and suffering of the Claimant, his medical bills, and lost wages, we award the Claimant the sum of $35,000.00. Since there is a $21,733.25 lien by the Casualty Insurance Company, we direct that the claim be divided as follows:

$21,733.25 be awarded to the Casualty Insurance Company to satisfy its lien, and the balance of $13,266.75 shall be awarded directly to the Claimant.